W.H. FULLER COMPANY, Plaintiff-Respondent,

v.

George R. SEATER, Jr., Defendant-Appellant.

Court of Appeals

*No. 98–1250. Submitted on briefs March 8, 1999.—Decided April 14, 1999.*

(Also reported in 595 N.W.2d 96.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *R. William Phenicie* and *Kelly P. O'Reilly* of *Lloyd, Phenicie, Lynch & Kelly, S.C.* of Burlington.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John G. Shannon* of *Dye, Foley, Krohn & Shannon, S.C.* of Racine.

Before Snyder, P.J., Anderson and Ziegler,[1] JJ.

SNYDER, P.J. George R. Seater, Jr., appeals from a judgment awarding W.H. Fuller Company (Fuller Company) $18,957.02 for the value of services and materials provided to Seater for filling and grading his property, and from an order denying his motion for reconsideration. Although Seater does not dispute the trial court's finding of a contract implied in law, he contends that the court failed to apply the proper measure of damages when it considered quantum meruit as the theory of recovery. Seater asserts that under established principles of unjust enrichment, the proper measure of damages is the value of the benefit received. We agree. Thus, we affirm the trial court's finding of a contract implied in law but reverse the court's finding as to damages.

In September 1993, Seater purchased residential property (the property) in Sturtevant, Wisconsin, at a foreclosure sale. The property was previously owned by David and Debra Gregory, who arranged with Seater to remain at the residence under a lease agreement giving the Gregorys an option to repurchase the property. The lease provided that the Gregorys would be responsible for all repairs and maintenance.

In the summer of 1994, David Gregory observed Fuller Company excavating property belonging to his neighbor, Bruno Diekmann. Gregory contacted the owner of Fuller Company, Wayne Fuller, and asked

---

[1] Circuit Judge Annette K. Ziegler is sitting by special assignment pursuant to the Judicial Exchange Program.

him whether he could use the fill dirt from the excavation to level and grade low spots on the property. Fuller contacted Diekmann, who permitted Gregory's use of the fill. Fuller then spoke to Seater about the fill, and on August 8, 1994, Seater signed a hold-harmless agreement stating that neither Fuller nor Diekmann would be "responsible for any damage to [Seater's] property in regards to grading and filling of property." No further agreements were made regarding Fuller Company's work on the property.

During the fall of 1994, while Fuller Company was filling and grading the property, Seater frequently visited the Gregorys because they were having difficulty making their lease payments. In November, Seater evicted the Gregorys from the property because of their inability to pay the lease. At approximately the same time, Fuller Company completed its fill and grading work on the property and forwarded Seater an invoice for the work in the amount of $17,150. Seater declined to pay the invoice because he claimed that the work was performed at the Gregorys' request, not his. Fuller then filed suit in Racine County Circuit Court seeking relief on the grounds of breach of contract and quantum meruit.

At a bench trial, the court determined that although no written contract or contract implied in fact existed between Seater and Fuller Company, there was a contract implied in law. The court awarded Fuller Company damages in the amount of the value of the services, plus costs, under a quantum meruit theory of recovery. Seater subsequently filed a motion for reconsideration. The trial court denied his motion and Seater appeals.

■

At issue in this case is the appropriate measure of damages under a contract implied in law. The determination of the proper measure of damages for a specific claim presents a question of law which this court reviews independently of the trial court. *See Schorsch v. Blader*, 209 Wis. 2d 401, 405, 563 N.W.2d 538, 540 (Ct. App. 1997).

■

A contract implied in law consists of three elements: "(1) a benefit conferred upon the defendant by the plaintiff; (2) knowledge or appreciation of the benefit by the defendant; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him or her to retain it without paying the value thereof." WIS J I—CIVIL § 3028; *see Watts v. Watts*, 137 Wis. 2d 506, 531, 405 N.W.2d 303, 313 (1987). As the third element suggests, damages for a contract implied in law comprise the value of the benefit conferred.

■

In *Ramsey v. Ellis*, 168 Wis. 2d 779, 484 N.W.2d 331 (1992), our supreme court distinguished the measure of damages under the theories of quantum meruit and unjust enrichment. The court explained that

> [w]hile recovery for unjust enrichment is based upon the inequity of allowing the defendant to retain a benefit without paying for it, recovery in quantum meruit is based upon an implied contract to pay reasonable compensation for services rendered. No contract is implied in an action for unjust enrichment. Accordingly, damages in an unjust enrichment claim are measured by the benefit conferred upon the defendant, while damages in a

385

> quantum meruit claim are measured by the reasonable value of the plaintiff's services.

*Id.* at 785, 484 N.W.2d at 333–34. As set forth in *Ramsey*, a contract implied in law necessarily involves recovery through unjust enrichment, not quantum meruit.[2] As such, the measure of damages for a contract implied in law is the benefit received by the defendant.

In the present case, Seater contends that the court improperly considered quantum meruit in awarding Fuller Company the value of the services rendered under a contract implied in law. In ruling on damages, the court made the following determination:

> [Y]ou can't just leave the party stranded the way they are because justice and fairness require[ ] that if someone got a benefit . . . there ought to be something flowing back the other way. . . . And that's the concept of quantum meruit or quasi contract, as I said, it's not a contract at all, it's a remedy to step in, to take effect where there is no contract.
>
> I think the plaintiff has demonstrated through the evidence that quantum meruit is applicable here . . . . [W]e have got a situation where the property value is enhanced through the work done by Mr. Fuller.

This passage indicates some confusion in terms. Although the court makes reference to "quasi contract,"

---

[2] Quantum meruit is the theory of recovery for a contract implied in fact, *see Seegers v. Sprague*, 70 Wis. 2d 997, 1005, 236 N.W.2d 227, 231 (1975), and is found where (1) the defendant requested the plaintiff to perform services, (2) the plaintiff complied with the request, and (3) the services were valuable to the defendant, *see Theuerkauf v. Sutton*, 102 Wis. 2d 176, 185, 306 N.W.2d 651, 658 (1981).

the "benefit" received and the enhancement of property value, we agree with Seater that, at bottom, the court relied upon quantum meruit in finding damages based upon the "value of the service and the value of materials."

That the trial court relied upon quantum meruit is further revealed in the following discussion:

> And you know, like unjust enrichment where the measure of damages is the amount of benefit to the recipient, in quantum meruit the measure is the value of the services. So I hear these statements, well, I benefited the lands 80 grand to 100 grand or 100 grand to 150 grand. That makes no difference. Or if I hear the testimony on the other side, this was a detriment to me, I had to pay to fill in the pond. That's not the issue. That's not the measure. On quantum meruit, the measure is the value of the service.

The court made clear that its ruling on damages contemplated the value of the services under the theory of quantum meruit. However, because a contract implied in law involves the value of the benefit under the theory of unjust enrichment, we conclude that the trial court's analysis was in error.

Depending upon the circumstances, the value of the benefit received by the defendant may include services rendered for the defendant, goods or merchandise received by the defendant, or improvements made to the defendant's real estate. *See* WIS J I—CIVIL 3028. The benefit does not encompass the plaintiff's loss of profit. *See Management Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 188–89, 557 N.W.2d 67, 79–80 (1996). Additionally, damages must be proven with reasonable certainty. *See id.* at 189, 557

387

N.W.2d at 80. "However, this does not mean that a plaintiff must prove damages with mathematical precision; rather, evidence of damages is sufficient if it enables the jury to make a fair and reasonable approximation." *Id.*

██

In the present case, the trial court looked to Fuller Company's itemized invoices of the services and materials it provided and awarded Fuller Company damages under the theory of quantum meruit for the value of those services and materials. While we have determined that damages for unjust enrichment may include services rendered for the defendant, *see* WIS J I—CIVIL 3028, those services must constitute the benefit received by the defendant. We conclude that the court's findings as to damages must be remanded with the following directions: The court shall determine which, if any, of Fuller Company's services benefited Seater, and then it shall ascertain the value of that benefit and award Fuller Company accordingly.[3]

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded with directions.

[3] Seater contends that some of Fuller Company's work constituted a detriment to his property. At trial, Seater testified that he spent $8500 to drain and fill a pond created by Fuller Company on Seater's property. While a defendant may seek recovery for any detriment created by a plaintiff, *see Dunnebacke Co. v. Pittman*, 216 Wis. 305, 312–13, 257 N.W. 30, 33 (1934), such an action must be pled in a counterclaim, *see* § 802.07, STATS.